## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KANDLE BUSSEY, and** | ) | |
| **JESSICA HENSLEY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 21-CV-0302-CVE** |
| **v.** | ) | |
| | ) | |
| **SUN WEST MORTGAGE COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is defendant Sun West Mortgage Company, Inc.'s motion to dismiss (Dkt. # 15). Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for dismissal on the ground that plaintiffs have failed to state claims for gender discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and, in the alternative, that the Court lacks subject-matter jurisdiction over the retaliation claim. Defendant argues that plaintiffs failed to allege sufficient facts to establish plausible sex discrimination and hostile work environment claims. Defendant further argues that plaintiffs' retaliation claim should be dismissed because 1) plaintiffs failed to plead sufficient facts to make a prima facie showing of retaliation; 2) plaintiffs' joint complaint of alleged discriminatory treatment amounts to "concerted activity" falling within the exclusive jurisdiction of the National Labor Relations Board; and 3) plaintiff Bussey failed to exhaust her administrative remedies before filing her lawsuit.

**I.**

Plaintiffs Kandle Bussey and Jessica Hensley began working for defendant Sun West Mortgage Company, Inc. (Sun West) on September 30, 2019 when it opened a branch in Tulsa, Oklahoma.  Dkt. # 2-1, at 2.  Sun West also hired John Fleege as the new Tulsa branch manager. Id.  Prior to Sun West hiring them, Bussey and Hensley worked for Fleege at their previous place of employment.  Id. at 2-3.  In their petition, plaintiff Bussey alleges that Fleege "made unwanted sexual advances toward [her], including physically and inappropriately touching her during a work trip."  Id. at 2.  Bussey further claims that when she refused Fleege's advances, he "became increasingly hostile toward her in the workplace."  Id.  Plaintiff Hensley also alleges that Fleege made unwanted sexual advances toward her, claiming that Fleege "told her he did not want their relationship to remain merely professional."  Id. at 3.  Similar to Bussey, when Hensley refused Fleege's advances, he "created a hostile and uncomfortable working environment."  Id. Consequently, Bussey and Hensley complained to Fleege's supervisor, John Adams, in December 2019.  Id.  Shortly after complaining to Adams, Bussey and Hensley were both terminated on January 10, 2020.  Id.

Plaintiffs each filed a Charge of Discrimination against Sun West with the Equal Employment Opportunity Commission (EEOC), alleging sex discrimination and retaliation.  Id. at 2.  Plaintiffs each received a Notice of Right to Sue from the EEOC, and timely filed a petition in Tulsa County District Court, Oklahoma.  Id.  Plaintiffs bring three separate claims under Title VII of the Civil Rights Act of 1964: discrimination based on sex (count 1); sexually hostile work environment (count 2); and retaliation (count 3).  Id. at 3-5.  This case was properly removed to this Court as the issues arise under federal law.  Id.

2

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## III.

Defendant filed a motion to dismiss (Dkt. # 15) all three of plaintiffs' claims for failure to state a claim upon which relief may be granted, arguing that plaintiffs did not plead sufficient facts

to establish plausible claims of disparate treatment based on sex (count 1), hostile work environment (count 2), or retaliation (count 3).  Dkt. # 15, at 3-4, 6-7, 8-9.  Defendant argues in the alternative that this Court does not have jurisdiction to adjudicate the retaliation claim (count 3), because plaintiffs' joint complaint to Fleege's supervisor about the alleged sex discrimination constitutes "concerted activity" within the meaning of the National Labor Relations Act (NLRA); thus, the retaliation claim is within the exclusive jurisdiction of the National Labor Relations Board (NLRB). Id. at 9-10.  Finally, defendant argues that plaintiff Bussey's retaliation claim should be dismissed because she failed to exhaust her administrative remedies prior to filing this suit.  Id. at 12-13. Plaintiffs respond that they have pled sufficient facts to survive a motion to dismiss on all three counts; this Court has jurisdiction to adjudicate Title VII violations; and plaintiff Bussey exhausted her administrative remedies for the retaliation claim when she filed her Charge of Discrimination with the EEOC.  Dkt. # 23, at 3-4, 7-8, 10.

## A.

Defendant argues that plaintiffs failed to state a claim for sex-based discrimination under Title VII, because plaintiffs claimed they were "subjected to disparate treatment with regards to retention and discipline[;]" thus, plaintiffs were "obliged" to plead with specificity what retention and discipline mechanisms they were referring to, and how those mechanisms were applied to plaintiffs in a discriminatory manner, which they failed to do. Dkt. # 15, at 5.  Plaintiffs respond that defendant misconstrues Fed. R. Civ. P. 8 to require much more than what is in fact required to survive a motion to dismiss.  The Court agrees with plaintiffs.

Under Title VII, it is unlawful "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  A plaintiff may prove a Title VII violation through either direct or circumstantial evidence.  See Furr v. AT & T Techs., Inc., 824 F.2d 1537, 1548-49 (10th Cir. 1987).  If the plaintiff proceeds by means of circumstantial evidence, the Tenth Circuit has explained the burden-shifting framework applicable to such claims as follows:

> Under the McDonnell Douglas framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [discrimination or retaliation]. Once the plaintiff has established a prima facie case, [t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000) (internal quotation marks and citations omitted).  To state a prima facie case of discrimination under Title VII, a plaintiff must establish that she: (1) belongs to a protected class; (2) "suffered an adverse employment action"; (3) "was qualified for the position at issue"; and (4) "was treated less favorably than others not in the protected class."  Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).  However, the Supreme Court has held that ordinary pleading standards apply to Title VII complaints.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).  Thus, pleading the elements of a prima facie case for sex discrimination, although helpful, is not required at the pleading stage.  See id. at 510-11; Khalik, 671 F.3d at 1193 ("while Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims [to survive a 12(b)(6) motion to dismiss]").  To survive a motion to dismiss, "[a] complaint raising a claim of discrimination does not need to conclusively establish the prima facie case of discrimination, but it must contain more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Bekkem v. Wilkie, 915 F.3d 1258, 1274 (10th Cir. 2019).  Moreover, the Supreme

5

Court has held that "[s]o long as the plaintiff's sex was one but-for cause of [an adverse employment action], that is enough to trigger [Title VII]." Bostock v. Clayton Cty. Ga., 140 S. Ct. 1731, 1739 (2020). Thus, Title VII imposes liability on employers when they terminate employees "because of a statutorily protected characteristic like sex." Id. at 1740.

Here, plaintiffs pled that they received unwanted sexual advances from their direct supervisor. Dkt. #2-1, at 2-3. "The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.'" Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986). Plaintiffs also stated in their petition that as a result of refusing his sexual advances, plaintiffs' direct supervisor "became increasingly hostile." Dkt. # 2-1, at 2. Finally, plaintiffs pled that after they complained to Sun West's upper management, they were both terminated on the same day. Id. at 2-3. These factual allegations, taken in the light most favorable to the plaintiffs, state a plausible claim for sex discrimination. Based on the sex-based discrimination allegations in their petition, plaintiffs sufficiently pled they are members of a protected class. Next, plaintiffs suffered an adverse employment action when they were terminated. And, plaintiffs worked for Fleege prior to joining Sun West, creating a reasonable inference that they were qualified for their positions. Finally, plaintiffs allege discriminatory treatment, including: receiving unwanted sexual advances, hostile treatment upon rebuffing those advances, and being terminated after reporting Fleege's sexual harassment and subsequent hostility. It is plausible that plaintiffs' gender was a but-for cause of the alleged discriminatory treatment. As such, the Court finds that plaintiffs pled sufficient facts to state a plausible claim for sex-based discrimination (count 1), and defendant's motion to dismiss count 1 is denied.

## B.

Defendants argue that plaintiffs fail to state a plausible hostile work environment claim (count 2), because "[a]side from one concrete instance, Plaintiffs fail to describe elements [that] could reasonably constitute a hostile work environment." Dkt. # 15, at 6. Plaintiffs respond that, similar to the sex-based discrimination claim, defendant misconstrues the pleading standard. Plaintiffs argue that they have met their pleading burden by alleging facts that "give defendant fair notice of the claim and the grounds upon which its rests." Dkt. # 23, at 4. The Court finds that plaintiffs have not pled sufficient facts for a plausible hostile work environment claim.

To allege a plausible claim under a hostile work environment theory, a plaintiff must allege facts suggesting that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Payan v. United Parcel Service, 905 F.3d 1162, 1171 (10th Cir. 2018) (quoting Sandoval v. City of Boulder, 388 F.3d 1312, 1326-27 (10th Cir. 2004)). Again, a prima facie showing is not required at the pleading stage, but assessing the prima facie elements in light of plaintiffs' pleaded facts is helpful to gauge whether plaintiffs' claims are plausible. "The applicable test for a hostile work environment has both objective and subjective components. A dual standard asks both whether the plaintiff was offended by the work environment and whether a reasonable person would likewise be offended, and both must be proved." Hernandez v. Valley View Hosp. Ass'n, 684 F.3d 950, 957 (10th Cir. 2012) (internal quotations omitted). Courts must look to all the circumstances in determining whether an environment is "hostile" or "abusive," including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

interferes with an employee's work performance." <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 23 (1993); <u>see also</u> <u>Hernandez</u>, 684 F.3d at 957-58 (reiterating the <u>Harris</u> factors in evaluating whether an environment is hostile).

In their petition, plaintiffs allege that Fleege "became increasingly hostile toward [plaintiff Bussey] in the workplace[,]" and he "created a hostile and uncomfortable working environment" with respect to plaintiff Hensley. Dkt. #2-1, at 2-3. Further, defendant concedes plaintiffs each alleged one concrete instance that could reasonably constitute a hostile work environment. Dkt. # 15, at 6. Specifically, plaintiff Bussey alleged that Fleege "physically and inappropriately touched her during a work trip," and plaintiff Hensley alleged that Fleege "told her he did not want their relationship to remain merely professional." Dkt. # 2-1, at 2-3. Additionally, plaintiffs assert in their claim for relief that defendant violated Title VII by subjecting plaintiffs "to sexual harassment, sexually physical assaults, and severe and pervasive behavior on an almost daily basis[.]" <u>Id.</u> at 4. However, aside from one concrete instance alleged by each plaintiff, the Court finds that plaintiffs' allegations amount to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Bekkem</u>, 915 F.3d at 1274. Plaintiffs have not alleged enough facts in their petition for the Court to reasonably determine whether their work environment was both subjectively and objectively hostile; whether the conduct was sufficiently severe or pervasive; or whether it unreasonably interfered with plaintiffs' work performance. For example, plaintiffs allege "severe and pervasive behavior on an almost daily basis[;]" however, looking to the concrete factual allegations only, plaintiffs do not allege enough specific instances for the Court to determine whether Fleege's conduct was so severe or pervasive as to constitute a hostile work environment in violation of Title VII.

8

Therefore, the Court finds that plaintiffs' hostile work environment claim (count 2) should be dismissed, because plaintiffs have not alleged enough concrete facts to state a plausible claim. Plaintiffs request leave to amend "should the Court find dismissal warranted[,]" stating that they "are able to allege additional details regarding their employment and termination[.]" Dkt. # 23, at 11. The Tenth Circuit has held that the "liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Soc. and Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999). The Court finds a leave to amend appropriate in this circumstance, because plaintiffs assert they can allege more details regarding their employment and termination, which would better enable plaintiffs' claim to be heard on its merits. The Court will dismiss plaintiffs' hostile work environment claim (count 2) for failure to state a claim under Rule 12(b)(6) with leave to amend.[1]

### C.

Defendant argues plaintiffs' retaliation claim (count 3) should be dismissed for two reasons as to both plaintiffs, and for an additional reason as to plaintiff Bussey. Dkt. # 15, at 8-13. First, defendant argues that plaintiffs failed to plead sufficient facts to state a plausible retaliation claim. Id. at 9. Next, defendant argues that this Court should dismiss count 3 under Rule 12(b)(1), because the Court does not have subject-matter jurisdiction over the retaliation claim. Id. Specifically, defendant argues that plaintiffs' joint complaint about the alleged sexual harassment to Fleege's supervisor constituted "concerted activity;" thus, the adjudication of the retaliation claim falls within the "exclusive" jurisdiction of the NLRB. Id. Finally, defendant argues that Plaintiff Bussey did

---

[1]    The Court directs plaintiffs to plead with specificity concrete instances of defendant's conduct that is severe or pervasive enough to constitute a plausible claim of a subjectively and objectively hostile work environment.

not exhaust her administrative remedies before filing suit.  Id. at 13-14.  Defendant argues that plaintiff Bussey failed to exhaust her administrative remedies and, thus, the Court should dismiss plaintiff Bussey's retaliation claim.[2]  Id.

First, the Court finds that plaintiffs pled sufficient facts to state a plausible retaliation claim. A prima facie case for retaliation under Title VII requires a plaintiff to show "(1) that [s]he engaged in protected opposition to discrimination"; "(2) that a reasonable employee would have found the challenged action materially adverse"; and "(3) that a causal connection existed between the protected activity and the materially adverse action."  Khalik, 671 F.3d at 1193 (internal quotations omitted).  Again, the elements of a prima facie retaliation claim serve as a guide to evaluate whether plaintiffs pled enough facts to state a plausible retaliation claim.

Here, plaintiffs allege that Fleege made unwanted sexual advances and when those advances were rebuffed he "became increasingly hostile."  Dkt. # 2-1, at 2-3.  Plaintiffs then complained to Fleege's supervisor, John Adams, just before the December 2019 holiday season.  Id.  Shortly after, on January 10, 2020, plaintiffs were terminated from employment at Sun West.  Id.  For retaliation claims, plaintiffs must adequately allege that they opposed a practice that is made unlawful under Title VII.  42 U.S.C. § 2000e-3(a).  Based on the above facts, it is plausible that Fleege's alleged unwanted sexual advances and subsequent hostility is conduct made unlawful by Title VII.  Thus, it is plausible that when plaintiffs complained to Adams, they were engaged in protected opposition to sex-based discrimination.  Further, it is plausible that a reasonable employee would find that

---

[2]     Although defendant does not argue with specificity that plaintiff Bussey's failure to exhaust should be dismissed pursuant to Rule 12(b)(6), given that failure to exhaust is not a jurisdictional prerequisite, precluding a Rule 12(b)(1) argument, the Court will address it as an argument for dismissal pursuant to Rule 12(b)(6).

plaintiffs' termination was "materially adverse."  Finally, given the temporal proximity between plaintiffs' complaint to Adams and their termination, in addition to plaintiffs' termination on the same day, it is plausible that there is a causal connection between plaintiffs' protected opposition to discrimination and their termination.  The Court finds that plaintiffs pled sufficient facts to state a plausible retaliation claim.

Next, defendant argues that, pursuant to Rule 12(b)(1), this Court does not have subject-matter jurisdiction over plaintiffs' retaliation claim because the NLRB has exclusive jurisdiction to adjudicate this claim.  Dkt. # 15, at 9.  Motions to dismiss under Rule 12(b)(1) "generally take one of two forms.  The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted).  Here, defendant makes a facial attack to plaintiffs' claim as to their joint complaint to Fleege's supervisor, which defendant argues constitutes "concerted activity" within the meaning of the NLRA.  Where a motion to dismiss is based on a facial attack, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action."  Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).  The Court finds that Defendant's argument is misguided.

Federal courts have subject matter jurisdiction over all civil actions involving federal law. See 28 U.S.C. § 1331.  Moreover, Title VII's jurisdictional provision states, in pertinent part, "[e]ach United States district court . . . shall have jurisdiction of actions brought under [Title VII]."  42 U.S.C. § 2000e-5(f)(3); Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1184 (10th Cir. 2018).  And, the

11

Supreme Court found that Congress intended to "allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes." Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974). Even if plaintiffs' claims were covered by both Title VII and the NLRA, plaintiffs have a private right of action under Title VII to assert their claims in federal court. Therefore, the possibility that the NLRA may be applicable does not preclude plaintiffs from exercising their private right of action provided by Title VII's statutory scheme. Here, plaintiffs each timely filed charges with the EEOC, each received a notice of their right to sue, then timely filed this lawsuit pleading plausible facts arising under federal law, which this Court plainly has jurisdiction to hear.[3] The Court finds that it has subject-matter jurisdiction to hear plaintiffs' Title VII retaliation claim (count 3); therefore, defendant's motion to dismiss count 3 pursuant to Rule 12(b)(1) is denied.

Finally, defendant argues that plaintiff Bussey's retaliation claim should be dismissed because she failed to exhaust her administrative remedies prior to filing this suit. Dkt. # 15, at 12-13. Specifically, defendant argues that it was plaintiff Hensley who complained to Fleege's supervisor; thus, "Ms. Bussey's failure to precisely identify any complaints she made herself, if any," amounted to plaintiff Bussey's failure to exhaust her administrative remedies, warranting dismissal. Id. at 14. The Court disagrees. Plaintiff Bussey filed a charge of discrimination with the EEOC and received a notice of right to sue. Dkt. # 2-1, at 2. Whether or not plaintiff Bussey

---

[3]     Additionally, as plaintiffs point out, the NLRB website explicitly redirects claimants who "believe [they have] been discriminated against because of . . . gender" to the EEOC government website, providing further substantiation that plaintiffs' claims were properly filed with the EEOC and subsequently in district court. See Nat'l Labor Relations Bd., Related Agencies, https://www.nlrb.gov/resources/related-agencies (last visited Oct. 14, 2021).

directly complained to her employer is immaterial to whether or not she went through the administrative procedure of filing a charge with the EEOC and receiving the EEOC's notice of her right to sue.  In her petition, plaintiff Bussey states she filed her own EEOC claim, separate from plaintiff Hensley, and she received her own notice of her right to sue.[4]  Dkt. # 2-1, at 2.  Thus, plaintiff Bussey sufficiently pled facts to show she exhausted her administrative remedies before filing this suit.  In sum, the Court finds that as to plaintiffs' retaliation claim (count 3), defendant's motion to dismiss, pursuant to Rules 12(b)(1) and (6) is denied.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 15) is **denied in part** as to plaintiffs' sex-based discrimination claim (count 1) and retaliation claim (count 3); and **granted in part with leave to amend** as to plaintiffs' hostile work environment claim (count 2). Plaintiffs shall file their amended complaint no later than **October 29, 2021**.

**DATED** this 15th day of October, 2021

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4]   Moreover, the Tenth Circuit has held that "a plaintiff's failure to [exhaust administrative remedies] merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." Lincoln, 900 F.3d at 1185; see also Smith v. Cheyenne Ret. Inv'rs L.P, 904 F.3d 1159, 1163-64 (10th Cir. 2018) (affirming Lincoln's holding that failure to exhaust is an affirmative defense and is not a jurisdictional prerequisite).  So, even if plaintiffs did not exhaust their administrative remedies, dismissal would still be inappropriate on those grounds.